UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS K. CASEY,<br>BOP #35005510,<br><br>                                    Plaintiff,<br><br>      vs.<br><br>WAYNE REAUD, CENTRAL INTELLIGENCE AGENCY, FEDERAL BUREAU OF INVESTIGATION, et al,<br><br>                                    Defendants. | Case No.:  3:23-cv-1439-GPC-SBC<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

Douglas K. Casey ("Plaintiff"), an inmate proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a letter and "supplemental document." *See* ECF Nos. 1–5. Plaintiff has not prepaid the $402 civil filing fee required by 28 U.S.C. § 1914(a), however, and has not filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).

**I.     Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

*See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2*); Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $402 in filing and administrative fees required to commence this civil action, nor has he submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).[1] Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II.   Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)   **DISMISSES** this action *sua sponte* without prejudice for failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2)   **GRANTS** Plaintiff **forty-five (45) days** leave from the date this Order is filed to: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. See 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $402 civil filing fee or complete and submit the enclosed Motion to Proceed IFP **within 45 days**, this action will remain

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

dismissed without prejudice based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: August 17, 2023

Hon. Gonzalo P. Curiel
United States District Judge